IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.

Case No.:  26-cr-029-wmc

DAVID C. FAWCETT,

Defendant.

---

## PLEA AGREEMENT

---

1.      This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2.      **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1 of the indictment. This count charges a violation of Title 18, United States Code, Section 2251, which carries mandatory minimum penalties of 15 years in prison and a five-year period of supervised release, and maximum penalties of 30 years in prison, a $250,000 fine, a period of supervised release for life, a $100 special assessment, a $5,000 additional special assessment pursuant to 18 U.S.C. § 3014, up to a $50,000 special assessment pursuant to 18 U.S.C. § 2259A, registration as a sex offender under the Sex Offender Registration and Notification Act, and the entry of an appropriate restitution order.  If the defendant has one prior conviction as described in 18 U.S.C. § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 25 years in prison and a maximum penalty of 50 years in prison; if the defendant has two prior convictions as described in § 2251(e), the penalties related to prison time increase to a mandatory minimum penalty of 35 years in prison and a maximum penalty of life in prison.  In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583.  The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013.  In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3.      **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the

trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4.    **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. In addition, if the defendant is a naturalized United States citizen, under certain circumstances, denaturalization of United States citizenship may also be a consequence of pleading guilty to a crime. Removal, other immigration consequences, and denaturalization are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status, or, where applicable, United States naturalized citizenship. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal, other immigration consequences, or denaturalization that could result from his plea, even if the consequence is automatic removal from the United States.

5.    **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

In January 2026, Madison police officers were notified of an investigation that began in Texas. During an unrelated investigation, officers searched the phone of a 15-year-old girl, Minor A, and she was communicating with the defendant over Snapchat and found that she was producing explicit images at his request. Agents identified the defendant through subpoenas to Snapchat for IP information tied to his username. They then used a subpoena to Charter which tied the IP address to Fawcett's home in Madison, Wisconsin.

Agents obtained a warrant for Snapchat which showed that on August 10, 2025, Fawcett sent Minor A a message telling her, "play with your pussy." She then sent him a 6-second video of herself masturbating. The video's name includes the date and 07-03-18 which was the time the video was sent. The IP address used for the defendant's communications on this date returned to the defendant's home in Madison.

Snapchat is a means or facility of Interstate Commerce and Madison is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

2

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining count of the indictment at sentencing.

8. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before June 12, 2026.

9. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The defendant agrees that restitution in this case is governed by 18 U.S.C. § 2259. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

10. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The

defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

11.    **FORFEITURE:** The defendant agrees not to file a claim to any property in any civil, administrative or judicial proceeding, which has already been initiated or which may be initiated in the future including the forfeiture of assets which were seized on February 4, 2026. Defendant agrees to waive all time limits and his right to notice of any forfeiture proceeding involving this property. Defendant further agrees not to file a claim or assist others in filing a claim or attempting to establish an interest in any forfeiture proceeding.

12.    The defendant agrees that he is the sole owner of all the seized property, and agrees to hold the United States, its agents and employees harmless from any claims in connection with the seizure or forfeiture of property covered by this agreement.

13.    The defendant agrees to consent to the order of forfeiture for the seized property and waives the requirement of the Federal Rules of Criminal Procedure 32.2 and 43(a), regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

14.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding.  The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of assets by the United States, the State of Wisconsin, or its subdivisions.

15.    The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.  Defendant admits that the seized property is subject to forfeiture because it either facilitated or is proceeds of the offense.

16.    In the event any federal, state, or local law enforcement agency having custody of the property decides not to pursue forfeiture of the property due to its minimal value, the defendant hereby abandons any interest  he has in the property and consents to the destruction or any other disposition of the property by the federal, state, or local agency without further notice or obligation owing to the defendant.

4

17.     **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement.  The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

18.     **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty.  Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

19.     **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

CHADWICK M. ELGERSMA
United States Attorney

7/6/2026
_____
Date

By:_____
ELIZABETH ALTMAN
Assistant United States Attorney

_____
Date

_____
JONAS B. BEDNAREK      1032034
Attorney for the Defendant

_____
Date

_____
DAVID C. FAWCETT
Defendant

## ACKNOWLEDGEMENTS

I, DAVID C. FAWCETT, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement.  My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines.  I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

6/29/26

Date

DAVID C. FAWCETT
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

6/29/26

Date

JONAS B. BEDNAREK    1032034
Attorney for Defendant

6